Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
JULIA MARROQUIN ALVAREZ, individually and on behalf of all others similarly situated,

       Plaintiff,

 -against-

QUAILS NEST LLC and BAGEL BOSS HOLDING CORP. d/b/a BAGEL BOSS HEWLETT and RANDY ROSNER and ADAM ROSNER, as individuals,

       Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, **JULIA MARROQUIN ALVAREZ**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiff"), by her attorneys at Helen F. Dalton & Associates, P.C., alleges upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, brings this action against **QUAILS NEST LLC and BAGEL BOSS HOLDING CORP. d/b/a BAGEL BOSS HEWLETT and RANDY ROSNER and ADAM ROSNER, as individuals**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at **QUAILS NEST LLC and BAGEL BOSS HOLDING CORP. d/b/a BAGEL BOSS HEWLETT**, located at 1352 Peninsula Boulevard, Hewlett, NY 11557.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks

1

interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### *The Plaintiff*

7. Plaintiff JULIA MARROQUIN ALVAREZ residing in Uniondale, NY 11553, was employed by Defendants at QUAILS NEST LLC and BAGEL BOSS HOLDING CORP. d/b/a BAGEL BOSS HEWLETT, from in or around October 1999 until in or around February 2022.

### *The Defendants*
### Quails Nest LLC and Bagel Boss Holding Corp. d/b/a Bagel Boss Hewlett

8. At all relevant times hereto, Defendant QUAILS NEST LLC and BAGEL BOSS HOLDING CORP. d/b/a BAGEL BOSS HEWLETT, are New York domestic business corporations organized under the laws of New York with a principal executive office and service of process address at 1352 Peninsula Boulevard, Hewlett, NY 11557.

9. Upon information and belief, Defendant QUAILS NEST LLC and BAGEL BOSS HOLDING CORP. d/b/a BAGEL BOSS HEWLETT, are New York domestic business corporations authorized to do business under the laws of New York.

**Randy Rosner and Adam Rosner**

10. At all relevant times hereto, Defendants RANDY ROSNER and ADAM ROSNER own and operate QUAILS NEST LLC and BAGEL BOSS HOLDING CORP. d/b/a BAGEL BOSS HEWLETT.

11. Upon information and belief, Defendants RANDY ROSNER and ADAM ROSNER are agents of QUAILS NEST LLC and BAGEL BOSS HOLDING CORP. d/b/a BAGEL BOSS HEWLETT.

12. At all relevant times hereto, Defendants RANDY ROSNER and ADAM ROSNER are responsible for overseeing the daily operations of QUAILS NEST LLC and BAGEL BOSS HOLDING CORP. d/b/a BAGEL BOSS HEWLETT.

13. At all relevant times hereto, Defendants RANDY ROSNER and ADAM ROSNER have power and authority over all the final personnel decisions at QUAILS NEST LLC and BAGEL BOSS HOLDING CORP. d/b/a BAGEL BOSS HEWLETT.

14. At all relevant times hereto, Defendants RANDY ROSNER and ADAM ROSNER have power and authority over all final payroll decisions QUAILS NEST LLC and BAGEL BOSS HOLDING CORP. d/b/a BAGEL BOSS HEWLETT, including the Plaintiff.

15. At all relevant times hereto, Defendants RANDY ROSNER and ADAM ROSNER have the exclusive power to hire and fire employees at QUAILS NEST LLC and BAGEL BOSS HOLDING CORP. d/b/a BAGEL BOSS HEWLETT, establish and pay their wages, set their work schedule, and maintain their employment records, including the Plaintiff.

16. During all relevant times herein, Defendants RANDY ROSNER and ADAM ROSNER were Plaintiff's employer within the meaning of the FLSA and NYLL.

17. On information and belief, QUAILS NEST LLC and BAGEL BOSS HOLDING CORP. d/b/a BAGEL BOSS HEWLETT, are, at present and have been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) have had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) have had an annual gross volume of sales of not less than $500,000.00.

**Joint Enterprise(s) of the Corporate Defendants**

18. At all times relevant to this action, Corporate Defendants were enterprises as defined in Sec. 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. At all times relevant to this action, Corporate Defendants were Plaintiff's employers as defined by 29 U.S.C. § 203(d) and NYLL §§ 2(6), 190(3) and 651(6) and Corporate Defendants employed or jointly employed Plaintiffs.

20. Upon information and belief, Corporate Defendants shared a common or overlapping management, as all are operated by the individual Defendant(s) sued herein.

21. Upon information and belief, Corporate Defendants shared the same pay practices, policies and procedures, and/or payroll systems for paying employees of Corporate Defendants.

22. Upon information and belief, Corporate Defendants functioned as a single integrated enterprise for purposes of the FLSA/NYLL.

**RELEVANT STATUTORY PERIOD**

23. Under the FLSA and NYLL, Plaintiff's federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. As this Complaint is filed in October 2023, the relevant statutory period for Plaintiff's claims asserted herein encompasses the entirety of the period spanning October 2017 through the present ("relevant statutory period.").

**FACTUAL ALLEGATIONS**

24. Plaintiff JULIA MARROQUIN ALVAREZ was employed by Defendants at QUAILS NEST LLC and BAGEL BOSS HOLDING CORP. d/b/a BAGEL BOSS HEWLETT, from in or around October 1999 until in or around February 2022.

25. During Plaintiff's employment by the Defendants at QUAILS NEST LLC and BAGEL BOSS HOLDING CORP. d/b/a BAGEL BOSS HEWLETT, Plaintiff's primary duties were as a cook and food preparer, while performing other miscellaneous duties, from in or around October 1999 until in or around February 2022.

26. During the relevant statutory period, Plaintiff JULIA MARROQUIN ALVAREZ regularly worked five (5) days per week from in or around October 2017 until in or around February 2022.

27. Plaintiff regularly worked a schedule of shifts beginning at approximately 2:30 a.m. each workday and regularly ending at approximately 2:00 p.m., or later, three (3) days per week and at approximately 2:30 a.m. each workday and regularly ending at approximately 3:30 p.m., or later, two (2) per week, from in or around October 2017 until in or around February 2022.

28. Thus, Plaintiff was regularly required to work approximately sixty-and-a-half (60.5) hours per week during the relevant statutory period.

29. Plaintiff JULIA MARROQUIN ALVAREZ was paid by Defendants in a combination of check and cash.

30. Plaintiff was paid by Defendants a weekly rate of approximately $220.00 in check and approximately $530.00 in cash. In sum, Plaintiff was paid by Defendants a flat weekly salary of approximately $750.00 per week for all hours worked from in or around October 2017 until in or around February 2022.

31. Although Plaintiff JULIA MARROQUIN ALVAREZ worked approximately sixty-and-a-half (60.5) hours or more hours per week from in or around October 2017 until in or around February 2022, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

32. Moreover, Plaintiff JULIA MARROQUIN ALVAREZ worked more than 10 hours per day, five (5) days per week from in or around October 2017 until in or around February 2022, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

33. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

34. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

35. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

36. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have receiving for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

37. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff brings this wage-and-hour action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."

39. Collective Class: All persons who are or have been employed by the Defendants as cooks, food preparers, or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

40. Upon information and belief, Defendants employed approximately 20 to 30 or more employees or more within the relevant time period who Defendants subjected to similar unlawful payment structures that violated applicable law.

41. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

42. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

6

43. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.
44. Defendants' conduct as set forth in this Complaint was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.
45. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
46. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
47. The claims of Plaintiff are typical of the claims of the whole putative class.
48. Plaintiff and her counsel will fairly and adequately protect the interests of the putative class.
49. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

**Overtime Wages Under The Fair Labor Standards Act**

50. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
51. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
52. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
53. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

54. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

55. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

56. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

57. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

58. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

59. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

60. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime wages and an amount equal to her unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

### Spread of Hours Compensation Under New York Labor Law

61. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

63. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

### FOURTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

64. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

65. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).

66. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

### FIFTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

67. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

68. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

69. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

### PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

 a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

    b. Awarding Plaintiff's unpaid overtime wages;

    c. Awarding Plaintiff's spread of hours compensation;

    d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

    e. Awarding Plaintiff prejudgment and post-judgment interest;

    f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

    g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: October 25, 2023
    Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JULIA MARROQUIN ALVAREZ, individually and on behalf of all others similarly situated,

                      Plaintiff,

-against-

QUAILS NEST LLC and BAGEL BOSS HOLDING CORP. d/b/a BAGEL BOSS HEWLETT and RANDY ROSNER and ADAM ROSNER, as individuals,

                      Defendants.

## COLLECTIVE ACTION COMPLAINT

                HELEN F. DALTON & ASSOCIATES, P.C.
                  *Attorneys for Plaintiff*
                  80-02 Kew Gardens Road, Suite 601
                  Kew Gardens, New York 11415
                  Phone (718) 263-9591
                  Fax (718) 263-9598

To:

*Service via Secretary of State and Personal Service:*
**QUAILS NEST LLC d/b/a BAGEL BOSS HEWLETT (DOS ID# 5626387)**
1352 Peninsula Boulevard, Hewlett, NY 11557

**BAGEL BOSS HOLDING CORP. d/b/a BAGEL BOSS HEWLETT (DOS ID#3333218)**
1352 Peninsula Boulevard, Hewlett, NY 11557

**RANDY ROSNER**
1352 Peninsula Boulevard, Hewlett, NY 11557

**ADAM ROSNER**
1352 Peninsula Boulevard, Hewlett, NY 11557